# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# AT ERIE

| | |
|---|---|
| ERIC X. RAMBERT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> JAMIE FERKDARKO, *et al.*, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 16-54 <br><br> ORDER |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

Before the Court is the Report and Recommendation ("R&R") of the Honorable Lisa Pupo Lenihan, United States Magistrate Judge, recommending that the Court grant Defendants' Motion to Revoke Plaintiff's *in forma pauperis* status [Dkt. 41]; vacate the previous Order granting Plaintiff *in forma pauperis* status [Dkt. 5]; deny Plaintiff's Motion to *Proceed in forma pauperis* [Dkt. 1]; and dismiss this action without prejudice to Plaintiff's right to reopen by paying the full $400 filing fee. Dkt. 54. Specifically, the R&R states that Plaintiff previously filed three cases that were dismissed as legally frivolous, *id*. at 3 (citing *Rambert v. Barrett*, No. 2:95-cv-71 (W.D. Pa. 1995)), and failing to state a claim, respectively, *id*. (citing *Rambert v. Horn, et al.,* No. 2:97-cv-337) (W.D. Pa.1997), and *Rambert v. Lavan, et al.*, No. 4:03-cv-370 (M.D. Pa. 2003)). Thus, the R&R states, Plaintiff has accumulated "three strikes" within the contemplation of the Prison Litigation Reform Act ("PLRA"). *Id*. at 2-3 (citing 28 U.S.C. § 1915(g)). Additionally, the R&R states, Plaintiff, in his Complaint, does not demonstrate that he is in imminent danger of serious physical injury. *Id*. at 3-4 (citing Dkt. 6, and *Abdul-Akbar v. McKelvie*, 239 D.3d 307 (3d Cir. 2001)). Accordingly, the R&R states, pursuant to the PLRA, Plaintiff must be denied *in forma*

1

*pauperis* status. *Id*. (citing 28 U.S.C. § 1915(g)). Plaintiff filed objections to the R&R. Dkt. 58. When a party objects to an R&R, the district court must review *de novo* those portions of the R&R to which objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). However, to obtain *de novo* review, a party must clearly and specifically identify those portions of the R&R to which it objects. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *Raddatz*, 447 U.S. at 673-74.

Here, Plaintiff's Objections are two-fold. *See* Dkt. 6. First, Plaintiff objects that his case was transferred to Magistrate Judge Lenihan from Magistrate Judge Susan Paradise Baxter eight months after he filed his Complaint. *See id*. at 1-2. Plaintiff contends that this transfer was "corrupt," and he "certainly would not consent to jurisdiction" before Magistrate Judge Lenihan. *Id*. at 1. According to Plaintiff, Magistrate Judge Lenihan's Orders in Plaintiff's other pending matters demonstrate such corruption. *Id*. (citing *Rambert v. Mooney, et al.*, No. 2:15-cv-1088 (W.D. Pa.), and *Rambert v. Wetzel, et al.*, No. 1:16-cv-72 (W.D. Pa.)). Having reviewed the materials in Plaintiff's other pending cases, the Court finds no basis for Plaintiff's contentions.

Second, Plaintiff, in his Objections, asserts that he did, in fact, demonstrate that he was in imminent danger at the time he filed the present case. *Id*. at 1-4. Further, Plaintiff asserts, he remains in imminent danger. *Id*. "[T]he court should assess 'imminent danger' as of the time the prisoner's complaint is filed[;] and [ ] a prisoner's allegation that he faced danger in the past is insufficient to allow him to proceed I.F.P." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001) (internal citations omitted). "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Id*. at 315. Here, Plaintiff, in his Complaint, alleges that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth

Amendment rights. Dkt. 6 at 17-18. Plaintiff asserts, for example, that certain medical staff-Defendants failed to provide proper medication in response to Plaintiff's complaints of pain, *id*. at 6-7, and failed to appropriately respond to his sick calls, *id*. at 15-16. Accordingly, Plaintiff has not established that he was in imminent danger of serious physical injury at the time he filed his Complaint. *See, e.g.*, Abdul-Akbar, 239 F.3d at 315; *Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013); *Brown v. Lyons*, 977 F. Supp. 2d 475, 484 (E.D. Pa. 2013). Accordingly, the Court **HEREBY ORDERS**:

(1) The Court **ADOPTS** the Report and Recommendation [Dkt. 54];

(2) Defendants' Motion to Revoke Plaintiff's *in forma pauperis* status [Dkt. 41] is **GRANTED**;

(3) The Court's previous Order granting Plaintiff *in forma pauperis* status [Dkt. 5] is **VACATED**;

(4) Plaintiff's Motion to Proceed *in forma pauperis* [Dkt. 1] is **DENIED**;

(5) This case is **DISMISSED WITHOUT PREJUDICE**;

(6) This case is **CLOSED**.

**IT IS SO ORDERED**.

DATED this 14th day of February, 2017.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE